UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          **MEMORANDUM OF LAW & ORDER**
                          Criminal File No. 19-168 (MJD/HB)

(10) MUSALLEH WAHEED MUHAMMAD,

    Defendant.

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

James R. Behrenbrinker, Behrenbrinker Law Firm, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Defendant Musalleh Waheed Muhammad's Motion to Reconsider Detention. [Docket No. 598] Because Defendant is subject to mandatory detention, poses a risk of flight and a danger to the community, and has failed to show exceptional circumstances, Defendant's motion is denied.

## II. BACKGROUND

    **A.**     **Previous Federal Case**

On December 18, 2012, Defendant Musalleh Waheed Muhammad pled guilty to Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base "Crack," in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. United States v. Muhammad, Criminal File No. 12-197(2) (PAM/JSM). On November 7, 2013, the Court sentenced Defendant to 60 months in prison and 5 years supervised release. [Docket No. 256] On January 5, 2016, the Court reduced his sentence to 52 months based on the retroactive amendments to the Sentencing Guidelines. [Docket No. 341]

Defendant began his term of supervised release on April 27, 2017. On March 2, 2019, he was arrested with approximately 1.3 kilograms of cocaine in his vehicle, which serves as the basis for the current offense. A final revocation hearing set for June 18, 2021.

**B.  Current Case**

On June 11, 2019, Defendant was charged by Complaint with Possession with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). [Docket No. 1] He has been in custody since his initial appearance on June 12, 2019. [Docket No. 3]

On June 18, 2019, Magistrate Judge Menendez ordered Defendant detained because no condition or combination of conditions of release would reasonably assure the safety of the community or the appearance of Defendant as required. [Docket No. 8]  An indictment was filed against Defendant on June 20, 2019. [Docket No. 20]

On April 21, 2020, Defendant moved for reconsideration of the Magistrate Judge's detention order based on the restrictions on his ability to consult with counsel due to the COVID-19 pandemic; the danger to his health based on the COVID-19 pandemic and his psoriasis condition; and the assertion that he would not pose a danger or be a flight risk if he lived with his wife and children. [Docket No. 303]

On April 29, 2020, Magistrate Judge Bowbeer denied Defendant's motion for reconsideration.  [Docket No. 315]  Magistrate Judge Bowbeer reasoned that Defendant was able to meaningfully prepare his defense; Defendant had not shown any specific COVID-19 concerns that were urgent or distinguishable from those facing other pretrial detainees; and he continued to present a risk of nonappearance and danger to the community.

On August 7, 2020, Defendant pled guilty to Count 1 of the Indictment: Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846.  In the Plea Agreement, Defendant acknowledged that he is subject to a 120-month statutory mandatory minimum sentence. [Docket No. 386]  Defendant's sentencing is scheduled for June 18, 2021.

Defendant has now again moved for reconsideration of the detention order and asks to be released to house arrest to his wife's home.  The Government opposes the motion.

## III.   DISCUSSION

### A.   Detention Standard

A defendant who has been found guilty of "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" must be detained unless the Court finds both (1) that "there is a substantial likelihood that a motion for acquittal or new trial will be granted[,] or [] an attorney for the Government has recommended that no sentence of imprisonment may be imposed on the person;" and (2) "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or to the community."  18 U.S.C. § 3143(a)(2); § 3142(f)(1)(C).

4

Defendant pled guilty to a Controlled Substances Act offense, the minimum term of imprisonment is ten years, there is no indication that a motion for acquittal will be filed, and the Government is requesting a sentence of 188 months. Therefore, mandatory detention applies.

A defendant subject to mandatory detention under § 3143(a)(2) may nevertheless be released if he shows by clear and convincing evidence (1) he is not likely to flee or pose a danger to the safety of any other person or the community and (2) there are "exceptional reasons" why detention would not be appropriate.  18 U.S.C. § 3145(c).

### B. Flight Risk

Defendant has failed to show that he is not likely to flee.  The Court acknowledges that Defendant has family ties to Minnesota, no passport, and has appeared for past Court appearances.  However, Defendant has pled guilty to participating in his second federal drug conspiracy and faces a ten-year mandatory minimum sentence.  He committed the current crime while on supervised release for his previous federal drug conviction and violated his pretrial release in that case.  Thus, he poses a danger of flight risk.

### C. Danger to the Community

Defendant has failed to show that he does not pose a significant risk of danger to the community. Defendant has five prior felony convictions. His criminal history includes three domestic assault related convictions and multiple driving while intoxicated convictions. During his pretrial release for his previous federal drug case, he was arrested for breaking into his significant other's home and stealing a cell phone that contained threatening text messages that he had sent, in violation of an order for protection. His pretrial release was revoked, and he was detained through sentencing. While on supervised release for his previous federal drug conviction, he joined the current drug conspiracy and obtained a significant amount of cocaine. These facts show that Defendant poses a threat to the safety of the community.

### D.     Exceptional Circumstances

Defendant has failed to show that exceptional circumstances warrant his release. Defendant claims that his medical conditions constitute exceptional circumstances; however, the Court concludes that Defendant is receiving adequate treatment for his conditions.

Medical records show that Defendant recently tested positive for COVID-19, suffered mild symptoms, received proper medical treatment, and has recovered. Defendant's high blood pressure has been monitored while in

custody. He was placed on a cardiac/low sodium diet to address his high blood pressure, which he declined to follow, and has now been prescribed and treated with appropriate blood pressure medication.

Defendant received his regular Humira shot for his psoriasis until he contracted COVID-19. When he was diagnosed with COVID-19, he was given a topical cream instead, because Humira is an immunosuppressant. After his COVID-19 case resolved, the jail nurse attempted to give Defendant his Humira shot, but he refused to take it. He is scheduled to continue receiving his regular Humira treatment. Defendant has failed to show that exceptional circumstances exist.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Musalleh Waheed Muhammad's Motion to Reconsider Detention [Docket No. 598] is **DENIED**.

Dated:  March 30, 2021             s/Michael J. Davis
                                   Michael J. Davis
                                   United States District Court