UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                          **MEMORANDUM OF LAW & ORDER**
                            Criminal File No. 19-cr-168(10) (MJD/HB)

MUSALLEH WAHEED MUHAMMAD,

        Defendant.

LeeAnn K. Bell, Assistant United States Attorney, Counsel for Plaintiff.

Defendant is *pro se*.

## I.   INTRODUCTION

This matter is before the Court on Defendant Musalleh Waheed Muhammad's Amended Motion for Compassionate Release. (Doc. 765.) The Government opposes Defendant's Motion. (Doc. 772.) For the reasons stated below, the Court will deny Defendant's Motion.

## II.   BACKGROUND

On August 7, 2020, Defendant pled guilty to Count 1 of an Indictment charging him with conspiracy to distribute 500 grams or more of a mixture or

1

substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 846.  (Doc. 386.)  On August 5, 2021, this Court sentenced Defendant to 156 months in BOP custody with eight years of supervised release to follow.  (Doc. 726.)

Also on August 5, 2021, this Court sentenced Defendant to an additional 24 months in BOP custody for violating the conditions of his supervised release from a 2012 federal conviction for conspiracy with intent to distribute controlled substances. See United States v. Musaaleh Waheed Muhammad, Case No. 0:12-cr-197(2) (PAM/JSM) at Doc. Nos. 446, 447 (D. Minn., last filing on Aug. 16, 2021).

The United States Court of Appeals for the Eighth Circuit later affirmed Defendant's conviction and sentence.  United States v. Muhammad, No. 21-2832, 2022 WL 2093857 (8th Cir. June 9, 2022).

Defendant is currently in BOP custody at FCI Pekin in Pekin, Illinois.  His anticipated release date is December 12, 2031.  BOP, Find an Inmate, https://www.bop.gov/inmateloc/ (last accessed Jan. 31, 2023).

### III. DISCUSSION

#### A. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A), the court may, in limited circumstances, grant a defendant's motion to reduce his or her term of federal imprisonment.

The Court may grant such a motion if it finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)–(ii). The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a). Id.

The First Step Act of 2018 modified the procedure for compassionate release. See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (codified at 18 U.S.C. § 3582(c)(1)(A)). The law now allows defendants, in addition to the BOP, to move for compassionate release after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the BOP, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Although the Sentencing Commission's policy statement found at U.S.S.G. § 1B1.13 is "not dispositive," the Court may consider it in determining if extraordinary and compelling circumstances exist. United States v. Croud, No. CR 18-116 (JRT/LIB), 2022 WL 17584413, at *2 (D. Minn. Dec. 12, 2022). The Commission's policy statement provides that a court may reduce a term of

3

imprisonment if, after considering the relevant § 3553(a) factors, it determines that:

>(1)(A) Extraordinary and compelling reasons warrant the reduction;
>
>. . .
>
>(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
>(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13.

The Commentary to this policy statement provides further detail regarding the types of medical conditions that ordinarily warrant compassionate release:

>(A) Medical Condition of the Defendant.
>
>>(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>>
>>(ii) The defendant is
>>
>>>(I)     suffering from a serious physical or medical condition,
>>>
>>>(II)    suffering from a serious functional or cognitive impairment, or

>   (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, Cmt. 1(A).

The commentary to this policy statement also defines "extraordinary and compelling reasons" due to "family circumstances" as follows:

>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. 1(C).

### B. Defendant's Motion for Compassionate Release

Defendant makes three arguments in support of his request for compassionate release. First, Defendant argues that his medical conditions combined with the threat of contracting COVID-19 in prison justify compassionate release. Second, Defendant argues that the Court should release him early so that he may care for his family. Third, Defendant argues that his conviction and sentence violate federal law.

In support of his first argument, Defendant alleges he is at an increased risk for a severe case of COVID-19 because he suffers from high blood pressure/hypertension, anxiety, and depression. Defendant has not provided the Court with any documentation demonstrating that he is diagnosed with depression. Anxiety is not among the CDC's risk factors associated with severe illness due to COVID-19. See CDC, People with Certain Medical Conditions (updated Nov. 22, 2022), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Jan. 31, 2023). Prison medical staff are treating Defendant's high blood pressure with prescription medication. (Gov't Ex. 3.) Further, Defendant has received his COVID-19 vaccination and booster shot and has also recovered from the virus in the past. (Gov't Ex. 3.)

Defendant also argues that he is at an increased risk of contracting COVID-19 because of an alleged outbreak of both COVID-19 and Monkey Pox at the BOP facility where Defendant is housed. Defendant provides no evidentiary support for this allegation, and it is contradicted by the BOP's website, which tracks confirmed cases of COVID-19 at BOP facilities. The BOP currently reports that FCI Pekin has zero confirmed cases of COVID-19 among inmates and one among

staff.  BOP, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last accessed Jan. 31, 2023).  Based on these facts, the Court finds that Defendant's medical claims cannot serve as extraordinary and compelling reasons for compassionate release.

In support of his second argument, Defendant argues that his wife needs his assistance in caring for two of Defendant's children who are still residing at home.  Defendant provides little detail in support of this argument.  He does not allege that he is the sole caretaker available for his children or that they are suffering from any circumstances that require an elevated level of care.  See U.S.S.G. § 1B1.13, cmt. 1(C).  The Court, therefore, finds that Defendant's family circumstances do not justify compassionate release either.

For his third argument, Defendant claims that the Court improperly classified him as a career offender under U.S.S.G. § 4B1.1(a) at sentencing and also that the federal controlled substances act under which he was convicted is unconstitutionally vague.  Defendant's argument concerning his career offender status, however, is foreclosed by recent precedent in which the Eighth Circuit Court of Appeals has rejected defendants' attempts to relitigate their classifications as career offenders in the context of a motion for compassionate

7

release.  United States v. Fine, 982 F.3d 1117, 1118 (8th Cir. 2020); United States v. Crandall, 25 F.4th 582, 586 (8th Cir.).  Defendant cites no applicable precedent to support his argument concerning the validity of the federal controlled substances statutes either.

Even if the Court were to consider Defendant's career offender argument on the merits, it would fail because the Court properly counted Defendant's prior federal conviction for Conspiracy to Possess with Intent to Distribute Cocaine as a predicate offense under U.S.S.G. § 4B1.1(a).  See United States v. Merritt, 934 F.3d 809, 811 (8th Cir. 2019) (holding that conspiracy to commit a controlled substance offense is properly counted as a predicate offense for purposes of classifying a defendant as a career offender).

The Court has reviewed Defendant's filings in support of his Motion and finds that he has not alleged any other potential bases for compassionate release. The Court will, therefore, deny Defendant's Motion.

## ORDER

Accordingly, for the reasons stated above, and based on the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Compassionate Release (Doc. 764) is **DENIED AS MOOT**;

2. Defendant's Amended Motion for Compassionate Release (Doc. 765) is **DENIED**.

Dated:   January 31, 2023          <u>s/Michael J. Davis</u>
                                                       United States District Court
                                                       Michael J. Davis